**Charles H. Albers, Appellee, v. Dr. Pierre Chemical Company et al., Appellees.**
**Appeal of Partola Products Company, Appellant.**

**Gen. No. 40,658.**

in the second division of this court for the first district.
Opinion filed April 2, 1940.

FREDERICK A. BROWN and DAVID A. CANEL, both of Chicago, for appellant; DANIEL F. KEMP, of Chicago, of counsel.

BRADBURN & DAMMANN, of Chicago, for appellee Thomas J. Williams.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This is an appeal by the defendant, Partola Products Company, from an order entered January 6, 1939, directing that a writ of injunction issue restraining said company from proceeding with the prosecution of an action brought by it in the municipal court of Evanston to recover from Thomas J. Williams on a note for $5,000 executed by him to the order of Partola Products Company. The order also directed that the injunction issue without bond.

Plaintiff in the instant proceeding, Charles H. Albers, receiver of the Phillip State Bank & Trust Company, having procured a judgment against John H. Taft, filed his complaint herein in the nature of a creditor's bill against the said John H. Taft, John Ailes Taft and Dr. Pierre Chemical Company. Thereafter, on November 21, 1938, plaintiff filed a second amended complaint making Thomas J. Williams an additional party defendant and alleging that said Williams was indebted to the principal defendant, John H. Taft, upon a note and prayed discovery of any amount due from Williams to John H. Taft upon said note.

In response to a petition filed by Thomas J. Williams an order was entered December 30, 1938, making the Partola Products Company an additional party defendant in this cause. It was also ordered that Wil-

liams' petition stand as his answer to the second amended complaint. Williams filed a further petition which alleged *inter alia* that "on July 10, 1931, your petitioner did execute and deliver to said John H. Taft his note for the sum of $5,000.00 and that from time to time thereafter he has executed renewals of said note; that all of your petitioner's dealings have been had with the said John H. Taft, individually, and that all payments of interest on said note have been made directly to him"; that "on various renewals of said note same have been made payable to John H. Taft & Company and the Partola Products Company; that said payees were named in said renewal notes at the request of John H. Taft"; that "John H. Taft is an officer and stockholder of said Partola Products Company and is the active head thereof; that said Partola Products Company never paid any consideration for said note and has no interest therein; but is holding said note on behalf of and for the use of John H. Taft"; that "the said John H. Taft is the real holder and owner of said note"; that "John H. Taft & Company and John H. Taft were one and the same person"; that "on December 20, 1938, there was filed in the Municipal Court of Evanston, in Cook County, Illinois, a Statement of Claim against your petitioner by said Partola Products Company, a corporation; that said last mentioned suit was instituted on said note on December 20, 1938, which date was subsequent to the date on which your petitioner was joined as a party defendant to this proceeding; that the basis of said Statement of Claim sought to be enforced in the Municipal Court of Evanston is the same claim which the plaintiff herein seeks to reach in this proceeding; that the said Partola Products Company, a corporation, claims to be the owner of said note and the plaintiff herein claims that the judgment debtor, John H. Taft, is the owner of said note; that it is necessary for a complete determination of the controversy as to the ownership of said note and of the

obligation of this petitioner thereon, if any there be, that the said Partola Products Company, a corporation, be joined as a party defendant herein.'' The petition concluded with the prayer that the Partola Products Company, its agents and servants be enjoined from prosecuting the suit on said note, which it had instituted in the municipal court of Evanston, during the pendency of the instant action.

Pursuant to this petition the injunctional order appealed from was entered as heretofore stated on January 6, 1939.

On February 1, 1939, the Partola Products Company filed an answer to Williams' petition in which it set forth its claim against Williams on the aforesaid note, concluding with the prayer that ''this defendant, Partola Products Company, respectfully asks this Court that a judgment be entered herein in its favor against Thomas J. Williams for $5,000.00, together with interest thereon from November 10, 1938, at the rate of 6% per annum and costs.'' On the same day that it filed said answer the defendant Partola Products Company moved ''that the Injunction heretofore issued in this cause on the Petition of Thomas J. Williams and against this defendant be set aside and held for naught, and that the said Motion and the Petition filed herein by said Thomas J. Williams and the Answer thereto of Partola Products Company be referred to a Master in Chancery of this Court for the purpose of taking evidence on said Motion and the issues made up in said Petition and said Answer, and that said Master report the same to this Court, together with his conclusions of law and fact thereon.'' In response to this motion the court entered the following order:

''THIS MATTER coming on to be heard upon the Motion of PARTOLA PRODUCTS COMPANY, a corporation, by its attorney, Frederick A. Brown, to set aside the Injunction issued herein on behalf of Thomas J. Williams against the Partola Products Company, and

upon the Petition filed by Thomas J. Williams and the Answer thereto filed by Partola Products Company, be referred to a Master in Chancery of this Court to take evidence and report his conclusions of law and fact on said Motion and said issues made in said Petition and Answer;

"IT IS THEREFORE ORDERED that said Motion and the issues made up in said Petition and said Answer be and the same are hereby referred to GERALD R. GOR-MAN, a Master in Chancery of this Court, to take evidence thereon and report his conclusions of law and fact.

"IT IS FURTHER ORDERED that the entire cause be placed at issue between the plaintiff herein and all defendants within thirty days of date; that no hearings be held on this reference until said entire cause is at issue."

In view of the status of this case as disclosed by the record, we find it unnecessary to either consider or determine the questions presented as to the propriety of the order granting the injunction or of the entry of such order without requiring a bond.

The order granting the temporary injunction having been entered upon notice and after a hearing, the statute (par. 202, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.078]) authorized defendant Partola Products Company to prosecute an appeal therefrom without first moving to dissolve said injunction. But it will be noted that the Partola Products Company did not proceed to avail itself of its right to appeal from the injunctional order. Instead it moved to vacate said order and further moved that its motion to vacate be referred to a master in chancery "for the purpose of taking evidence on said motion" and that he "report the same to this court, together with his conclusions of law and fact thereon." It will be further noted that the court ordered the defendant Partola Products Company's motion to vacate referred to a

master "to take evidence thereon and report his conclusions of law and fact." Thus by reason of the voluntary affirmative action of the Partola Products Company, the injunctional order which was originally clearly appealable is no longer so. Because of the court's order entered pursuant to the motion of the Partola Products Company to vacate the injunctional order and to refer such motion to vacate to a master, the injunctional order is now pending before the master with its finality as a temporary restraining order undetermined. In the present state of the record the order granting the temporary injunction is not appealable and the appeal is therefore dismissed.

*Appeal dismissed.*

FRIEND and SCANLAN, JJ., concur.